ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>DORALLY RIVERA MARÍNEZ<br><br>Peticionaria | **TA2026CE00290** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: D VP2025-2656<br><br>Sobre: Art. 263 CP |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 19 de marzo de 2026.

Comparece antes nos la Sra. Dorally Rivera Martínez (señora Rivera o "la peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 23 de enero de 2026. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la moción de desestimación presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, **EXPEDIMOS** el auto de *certiorari* y **REVOCAMOS** la *Resolución* recurrida.

### I.

Según surge del expediente, **el 8 de noviembre de 2022**, el Panel sobre el Fiscal Especial Independiente (Panel o PFEI) notificó una *Resolución,* en la que designaron un Fiscal Especial Independiente (FEI) para realizar la investigación correspondiente sobre actuaciones contrarias a la ley, específicamente sobre los Arts. 252 y 264 del Código Penal, Código de Rentas

Internas de 2011 y a la Ley de Ética Gubernamental contra la señora Rivera y otros funcionarios de la Autoridad de Tierras.[1] En dicha Resolución, informó que se le concedía el término de **90 días** que dispone la Ley Núm. 2 del 23 de febrero de 1988, según enmendada, 3 LPRA sec. 99h *et. seq.,* conocida como la *Ley de la Oficina del Panel sobre el Fiscal Especial Independiente*, (Ley Núm. 2), contados a partir de la notificación de la resolución. Asimismo, resaltó que, de requerir una extensión del término investigativo concedido, "dicha prórroga debía solicitarse al Panel, cuanto menos, **10 días laborables** con antelación al vencimiento del término concedido."

El **16 de marzo de 2023**, el PFEI notificó una *Resolución*, mediante la cual expresó que el 9 de marzo de 2023, había recibido del FEI una *Solicitud de Paralización de los Término Investigativos*.[2] Mencionó que, dicha solicitud iba dirigida a que la Oficina del Contralor de Puerto Rico (OCPR) iniciaría una auditoría, la cual tomaría aproximadamente **seis (6) meses**, sobre los mismos hechos que estaban investigando. Por ello, acogieron la solicitud y paralizaron los término hasta que la OCPR finalizara la auditoría.

El **20 de diciembre de 2024**, el PFEI notificó una *Resolución* en la que indicó que el 16 de diciembre de 2024, habían recibido otra comunicación del FEI solicitando la reapertura de la investigación del caso.[3] A su vez, solicitaron autorización para ampliar la encomienda asignada, fundamentándose en los hallazgos del informe de auditoría realizado por la OCPR. Por

---

[1] *Resolución*, págs. 96-100 del apéndice del recurso.
[2] *Resolución*, págs. 101-104 del apéndice del recurso.
[3] *Resolución*, págs. 108-111 del apéndice del recurso.

consiguiente, el PFEI les concedió el término de **63 días**, contados a partir de la notificación de la *Resolución* para la continuación de la investigación.

Posteriormente, el **21 de febrero de 2025**, el PFEI notificó una *Resolución* en la que autorizó una segunda ampliación de la investigación.[4] Esbozó que, el FEI resaltó que los hallazgos del informe de auditoría realizado por la OCPR indicaban sobre la posible intervención de otros funcionarios y exfuncionarios no referidos por el Departamento de Justicia, pero que guardaban relación con la investigación. Así pues, le concedió el término adicional de **90 días** para realizar las ampliaciones, a vencer el 22 de mayo de 2025.

El **20 de junio de 2025**, el PFEI notificó una *Resolución*, en esta, destacó que el 18 de junio de 2025, el FEI presentó una *Solicitud de Extensión de Término Investigativo*.[5] Sostuvo que, el FEI solicitó **45 días** adicionales para concluir con la investigación, debido a que, no habían recibido documentación que emitieron para su evaluación. Así pues, el PFEI luego de considerar los méritos de la solicitud, a la luz de las disposiciones del Art. 12(4) de la Ley Núm. 2, concedió la extensión de término solicitado.

El **1 de agosto de 2025**, el PFEI notificó una *Resolución*, mediante la cual esbozó que el FEI había solicitado otra extensión del término investigativo, debido a la complejidad de la investigación, así como los requerimientos de información que estaban pendientes a ser contestados.[6] Por tanto, le concedió una extensión de **60 días.**

---

[4] *Resolución*, págs. 114-117 del apéndice del recurso.
[5] *Resolución*, págs. 118-120 del apéndice del recurso.
[6] *Resolución*, págs. 121-123 del apéndice del recurso.

Finalmente, el **4 de noviembre de 2025**, fue presentada la *Denuncia* contra la señora Rivera, por violación al Art. 263 del Código Penal.[7] En dicha denuncia hicieron constar que:

> […] incumplió con su obligación de diligencia y supervisión en la realización de las obras, utilización de fondos públicos y obligaciones asumidas […]; como consecuencia de tal negligencia y falta de supervisión, se ocasionó la pérdida de los fondos públicos autorizados y desembolsados por la imputada, además las obras del contrato no fueron realizadas.

El 18 de noviembre de 2025, la señora Rivera presentó una *Moción de Desestimación al Amparo del Debido Proceso de Ley, de la Regla 64(I) de las Reglas de Procedimiento Criminal y de la Doctrina de Separación de Poderes de la Constitución del Estado Libre Asociado de Puerto Rico, Competencia y Sobre Prueba Exculpatoria*.[8] En esencia, alegó que, durante la vista de determinación de causa probable, planteó que el PFEI actuó de forma *ultra vires* y fuera de los términos provistos por el Artículo 12(4) de la Ley Núm. 2 y la jurisprudencia, al transcurrir mil ciento tres (1,103) días desde la fecha en que asignaron al FEI y la fecha en que presentaron la denuncia. Arguyó que, estuvo en un estado de indefensión por el tiempo transcurrido, violándose así el debido proceso de ley. A su vez, manifestó que el PFEI erró al paralizar la investigación hasta la OCPR finalizara la auditoría que llevaron a cabo. Sostuvo que, en ninguna parte de la Ley ni la jurisprudencia permite o menciona que el PFEI paralice los términos mientras otra agencia u entidad realiza una investigación o auditoría. Al contrario, resaltó que el FEI tiene una jurisdicción

---

[7] *Denuncia*, págs. 1-2 del apéndice del recurso.
[8] *Moción de Desestimación […]*, págs. 14-27 del apéndice del recurso.

limitada y su creación había sido con el propósito de dilucidar rápidamente los actos atribuibles a funcionarios gubernamentales. Por ello, solicitó la desestimación de la denuncia, debido a que el FEI la presentó fuera del término establecido por ley, delegando el poder investigativo para la posible radicación de cargos a la OCPR.

En desacuerdo, el 12 de diciembre de 2025, el FEI presentó su *Oposición a Solicitud de Desestimación*.[9] Arguyó que, los términos dispuesto en la Ley Núm. 2 son de cumplimiento estricto, el cual se permiten prorrogar siempre que haya justa causa para ello. Así pues, resaltó que el PFEI en el ejercicio de su discreción es el que define la jurisdicción y alcance de la encomienda. Asimismo, señaló que durante el trámite investigativo las personas investigadas fueron notificadas de cada solicitud de ampliación y prórroga. Añadió que, a la peticionaria no se le violó el debido proceso de ley, pues le ofrecieron todas las garantías de ley, así como la que ostentas los ciudadanos investigados e imputados de delito. De igual forma, expresó que era incorrecta la alegación de la peticionaria, sobre que el término de presentación de denuncias o cargos puede ser extendido, pero no así el de investigación. Por ello, resaltó que el PFEI al tener conocimiento de la complejidad del caso, determinó que había justa causa o razones para extender los términos de la investigación. En cuanto a las gestiones investigativas realizadas por la OCPR, alegó que el FEI puede solicitar en destaque de otras agencias

---

[9] *Oposición a Solicitud de Desestimación*, págs. 28-50 del apéndice del recurso.

los recursos que sean necesarios para llevar a cabo el tipo de investigación que se le encomiende.

De otra parte, el FEI planteó que ostentan la facultad para paralizar los procesos investigativos, conforme establece la Ley Núm. 2. Asimismo, alegó que "[l]as disposiciones de la ley sobre el término investigativo que puede conceder el Panel para que cumpla con la encomienda, depende de los criterios de razonabilidad y justa causa." Por ello, resaltó que ello incluía el prorrogar términos, ampliar o consolidar la investigación y lograr el propósito que viabiliza la Ley.

El 23 de enero de 2026, el FEI presentó una *Segunda Moción en Oposición*.[10]

El 23 de enero de 2026, el foro primario notificó la *Resolución* recurrida en la que declaró *No Ha Lugar* a la moción de desestimación presentada por la señora Rivera.[11] En esencia, concluyó que estaba justificada la extensión del término al FEI para investigar debido a la complejidad y naturaleza del caso. Asimismo, indicó que debido a que los hechos del caso estaban atados a fondos públicos, no era irrazonable que el FEI haya paralizado los términos para brindar el espacio a la OCPR para completar su auditoría; y contar con prueba suficiente para la radicación de los cargos criminales. Por lo tanto, resolvió que el FEI contaba con jurisdicción para la radicación de la denuncia.

---

[10] *Segunda Moción en Oposición*, págs. 51-60 del apéndice del recurso.
[11] *Resolución*, págs. 3-13 del apéndice del recurso.

En desacuerdo, el 6 de febrero de 2026, la señora Rivera presentó una *Moción en Solicitud de Reconsideración*.[12]

El 20 de febrero de 2026, el FEI presentó su *Moción en Oposición a Solicitud de Reconsideración*.[13]

El 6 de marzo de 2026, el foro primario notificó una *Orden*, en la cual denegó la moción de reconsideración presentada por la señora Rivera.[14]

Aun inconforme, la peticionaria recurrió ante nos mediante recurso de *certiorari* y alegó la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al emitir su Resolución del 23 de enero de 2026, denegando la solicitud de desestimación de la Peticionaria, puesto que la actuación del FEI fue ultra vires, fuera de los limites estatutarios, jurisdiccionales y poderes procesales delegados por Ley del FEI violentando su propia Ley habilitadora, el derecho constitucional a un Debido Proceso de Ley, Juicio Rápido y contar con un defensa adecuada toda vez que el FEI se extralimitó y apoderó de poderes legislativos, ejecutivos y judiciales no delegados al paralizar los términos jurisdiccionales o de estricto cumplimiento aplicables sin capacidad jurídica para así hacerlo convirtiendo los términos y límites de la Ley en meras sugerencias legislativas; para luego excederse de forma extrema y sin justa causa al demorar un total de mil ciento tres (1,103) días, incumpliendo así el término de noventa (90) días para radicar investigar desde la notificación según lo establece la Ley del Fiscal Especial Independiente.

En la misma fecha, presentó una *Moción en Solicitud de Auxilio de Jurisdicción*. Mediante la cual, solicitó la paralización de los procedimientos en el foro

---

[12] *Moción en Solicitud de Reconsideración*, págs. 61-90 del apéndice del recurso.
[13] *Moción en Oposición a Solicitud de Reconsideración*, págs. 125-132 del apéndice del recurso.
[14] *Orden*, pág. 91 del apéndice del recurso.

primario hasta que se adjudique la controversia conforme a Derecho.

Examinados los argumentos de la peticionaria, declaramos *Ha Lugar* la solicitud en auxilio de jurisdicción. Asimismo, le concedimos un término de diez (10) días a la parte recurrida para que presentara su alegato en oposición.

El 18 de marzo de 2026, el FEI presentó su *Oposición a Expedición de Certiorari Moción en Cumplimiento de Orden*. Contando con la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones." *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de: (1) una resolución u orden sobre remedios provisionales o injunction, o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (5) en casos que revistan interés público. *Íd.* De igual manera,

puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia." *Íd*. Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nuestro Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión." 32 LPRA Ap. V, R. 52.1.

**-B-**

En su misión de hacer justicia la discreción es el instrumento más poderoso reservado a los jueces. *Banco Metropolitano v. Berríos*, 110 DPR 721 (1981). En el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, sino una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera. *Banco Popular de PR v. Municipio de Aguadilla,* 144 DPR 651 (1997).

En *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990), nuestro Tribunal Supremo determinó que:

> …[e]l abuso de discreción se puede manifestar de varias maneras en el ámbito judicial. Se incurre en ello, entre otras y en lo pertinente, cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos.

En el contexto de esta doctrina, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial del Tribunal de Primera Instancia. Es norma reiterada

que este Foro no intervendrá con el ejercicio de la discreción del foro primario, salvo que haya mediado un craso abuso de discreción o prejuicio o parcialidad o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y nuestra intervención en esa etapa evitará un perjuicio sustancial. *Lluch v. España Service*, 117 DPR 729 (1986).

-C-

En Puerto Rico, como regla general, la facultad y responsabilidad de investigar, acusar y procesar una alegada conducta constitutiva de delito público recae en la persona del Secretario de Justicia y de los fiscales que están adscritos al Departamento de Justicia. *Pueblo v. Rexach,* 130 DPR 273 (1992); *Ley Orgánica del Departamento de Justicia*, 3 LPRA sec. 291 *et seq*. No obstante, la Asamblea Legislativa aprobó la Ley Núm. 2 del 23 de febrero de 1988, según enmendada, 3 LPRA sec. 99h *et. seq.*, conocida como la *Ley de la Oficina del Panel sobre el Fiscal Especial Independiente*, (Ley Núm. 2), para crear la figura del Fiscal Especial Independiente (FEI) con el propósito de restaurar la confianza del pueblo en su gobierno y en sus servidores públicos, al garantizar la absoluta objetividad de investigaciones contra altos funcionarios del Gobierno. Exposición de Motivos de la Ley Núm. 2. De conformidad con la precitada Ley, *supra*, el FEI tiene la encomienda de acudir a los Tribunales de Justicia, en representación del Estado Libre Asociado de Puerto Rico, a instar las acciones criminales que procedan como resultado de las investigaciones que realice sobre los asuntos ante su consideración. 3 LPRA sec. 99j; *Silva Iglesia v. FEI,* 137 DPR 821 (1995).

De igual forma, la Ley Núm. 2, *supra*, creó el Panel del Fiscal Especial Independiente, con el propósito mantener y garantizar la más absoluta objetividad en las investigaciones por alegado comportamiento delictivo o indebido de altos funcionarios de nuestro gobierno. *Pueblo v. Rexach*, supra. La supervisión imparcial de un Panel de ex jueces nombrados por el Gobernador promueve una investigación completa, imparcial y libre de cualquier conflicto de intereses entre los investigadores e investigados. Art. 10 de la Ley Núm. 2, 3 LPRA sec. 99q; *In re Invest. Ex Alcalde Vega Alta*, 158 DPR 666 (2003); *Pueblo v. Rexach,* supra. Este Panel tiene a su cargo la supervisión del FEI, quien será el responsable de encausar criminalmente a los funcionarios gubernamentales cubiertos por la Ley Núm. 2, *supra. Pueblo v. Torres Santiago,* 175 DPR 116 (2008).

Según la referida ley, el Secretario de Justicia tiene la facultad de investigar preliminarmente al Gobernador, los Secretarios y Subsecretarios de Departamentos del Gobierno, los jefes y subjefes de agencias, los Directores Ejecutivos de las corporaciones públicas, los alcaldes, los miembros de la Asamblea Legislativa de Puerto Rico, los asesores y ayudantes del Gobernador, los jueces, y todo individuo que haya ocupado cualesquiera de los cargos antes enumerados, cuando reciba información bajo juramento que a su juicio constituya causa suficiente para entender que se ha cometido algún delito grave y menos grave incluido en la misma transacción o evento y los delitos contra los derechos civiles, la función pública y el erario público. Art. 4(1) de la Ley Núm. 2, 3 LPRA sec. 99k(1). Concluida la investigación preliminar, el Secretario

rendirá un informe detallado al Panel y, de así entenderlo, recomendará la designación de un FEI. Art. 4(2) de la Ley Núm. 2, 3 L.P.R.A. sec. 99k(2). Aun cuando la recomendación del Secretario sea que no se designe un Fiscal Especial, éste vendrá obligado a referir su informe y a remitir el expediente completo del caso al Panel. *Íd*. El Panel tendrá discreción para nombrar un FEI y ordenar la investigación del caso, independientemente de la recomendación del Secretario de Justicia. *Íd*.

Para determinar si existe causa para conducir una investigación preliminar, el Secretario de Justicia considerará los siguientes factores:

> (a) Que de los hechos descritos en la declaración jurada se desprenda la posibilidad de la comisión de uno de los delitos contemplados en el inciso 1, del Artículo 4 de esta Ley;
>
> (b) Que del contenido de la declaración jurada surja que la información mediante la cual se le imputa al funcionario bajo la Ley del Fiscal Especial Independiente, la alegada comisión de delito le conste de propio y personal conocimiento al declarante;
>
> (c) Que surja de la declaración jurada el grado de participación del referido funcionario y, de ser necesario, utilizar otras fuentes de información. Art. 8(1) de la Ley Núm. 2, 3 LPRA sec. 99o(1).

Cuando el Secretario de Justicia determine que procede realizar una investigación preliminar, éste completará la misma dentro de un término que no excederá noventa (90) días a partir de la fecha en que recibe la información. Art. 8(4) de la Ley Núm. 2, 3 LPRA sec. 99o(4). Si el Departamento de Justicia considera que, por su naturaleza o complejidad, no ha sido posible completar adecuadamente la investigación preliminar en dicho término, podrá solicitar, y el Panel a su

discreción podrá concederle, un término adicional que no excederá de noventa (90) días. *Íd.*

El término de noventa (90) días dispuesto en el Art. 8(4) de la Ley Núm. 2, *supra*, es de estricto cumplimiento, por lo que, como norma general, el Secretario de Justicia no debe tomarse más tiempo para completar la investigación del que le concede la ley. *Pueblo v. Rodríguez Santana*, 146 DPR 860 (1998). No obstante, la Ley Núm. 2, *supra*, no dispone que la consecuencia del incumplimiento con dicho término sea la desestimación de las acusaciones que posteriormente presente el FEI. *Íd.*

Si el Secretario de Justicia, luego de recibir una querella o imputación contra cualquier funcionario, empleado, exfuncionario o exempleado a base de lo dispuesto en esta Ley, no toma acción alguna en el término de noventa (90) días o en el término no mayor de ciento ochenta (180) días, cuando hubiere obtenido una prórroga por parte del Panel, deberá someter todo el expediente investigativo al Panel, el cual determinará si procede el nombramiento de un Fiscal Especial que lleve a cabo la investigación y procesamiento que sea necesario para la disposición de la querella. Art. 9 de la Ley Núm. 2, 3 LPRA sec. 99p. Por lo tanto, el FEI no pierde su jurisdicción ni está legalmente impedido de presentar cargos contra funcionarios públicos únicamente porque el Secretario de Justicia no haya finalizado la investigación preliminar en un plazo de noventa (90) o ciento ochenta (180) días; sino que la consecuencia del incumplimiento con dicho término por parte del Secretario de Justicia es que éste pierde su facultad para investigar y debe remitir el caso al Panel del FEI,

para que éste a su vez determine si procede realizar una investigación preliminar. *Pueblo v. Rodríguez Santana*, supra.

Si como resultado de la investigación es necesaria la presentación de denuncias o acusaciones, esta responsabilidad le corresponderá exclusivamente al FEI y no al Secretario de Justicia. Art. 4(5) de la Ley Núm. 2, 3 LPRA sec. 99k(5); *Pueblo v. Rodríguez Santana*, supra; *Pueblo v. Rexach*, supra. Todo Fiscal Especial tendrá jurisdicción exclusiva para investigar y procesar aquellas acciones penales contenidas dentro de la encomienda que se le asigne. Art. 13 de la Ley Núm. 2, 3 LPRA sec. 99t. El Secretario de Justicia, sin embargo, podrá intervenir como "*amicus curiae*" en relación con cualquier aspecto legal planteado en cualquier procedimiento en que un Fiscal Especial participe en su capacidad como tal o en cualquier apelación de dicha acción. *Íd*.

El inciso 4 del Artículo 12 de la Ley Núm. 2, *supra*, establece el término para que el FEI complete las investigaciones que le son encomendadas. En lo pertinente, dispone lo siguiente:

> (4) El Fiscal Especial deberá completar la investigación que se le encomiende dentro de un término que no excederá de noventa (90) días, contados a partir de la fecha en que recibe la encomienda; Disponiéndose, sin embargo, que el Panel podrá fijar un término especial en aquellos casos en que sea justificado. Cuando el Fiscal Especial considere que, por su naturaleza y complejidad, no será posible completar adecuadamente la investigación en dicho término podrá solicitar al Panel y éste a su discreción podrá concederle un término adicional que no excederá de noventa (90) días. 33 LPRA sec. 99s(4).

-D-

La Regla 23 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 23, dispone el mecanismo de

la vista preliminar, el cual está diseñado para evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un procedimiento criminal por un delito grave. Conforme a esta regla y a su jurisprudencia interpretativa, ninguna persona podrá ser acusada por la comisión de un delito grave sin una previa determinación de causa probable para acusar, salvo que el imputado renuncie a ese derecho.

Luego de una determinación de causa probable para acusar, el imputado tiene el derecho a formular una solicitud de desestimación al amparo de la Regla 64 de las Reglas de Procedimiento Criminal, *supra*. Uno de los fundamentos en los cuales puede basarse la solicitud de desestimación de la acusación o denuncia es que el tribunal carezca de jurisdicción para conocer del delito imputado. Regla 64(b) de Procedimiento Criminal, *supra*.

### III.

En el caso de autos, la señora Rivera alega que incidió el foro primario al denegar su solicitud de desestimación, puesto que, la actuación del FEI fue *ultra vires*, al adjudicarse poderes excepcionales al paralizar términos establecidos por ley. Asimismo, señala que, desde que fue públicamente acusada desde el 8 de noviembre de 2022, debido a la dilación excesiva e injustificada del FEI al transcurrir mil ciento tres (1,103) días desde que debió iniciar la investigación, provocaron una situación de indefensión y afectó sus derechos constitucionales a un debido proceso de ley, igual protección de ley y derecho a un juicio rápido. Por ello, solicitó se desestimaran los cargos presentados sin autoridad legal por el FEI.

Por su parte, el FEI, en esencia, sostiene que las extensiones de tiempo solicitadas fueron presentadas ante el PFEI, y era el PFEI quien tenía facultad de conceder o no la extensión del término si demostraban justa causa, y así lo determinó el foro primario. A su vez, menciona que la peticionaria nunca procedió a presentar algún recurso ante el PFEI sobre las extensiones de término. Por lo tanto, solicita no se expida el auto solicitado y la petición de desestimación sea declarada no ha lugar.

El presente recurso surge de la *Resolución* dictada por el Tribunal de Primera Instancia quien denegó la moción de desestimación instada por la señora Rivera. El tracto procesal revela que, el 8 de noviembre de 2022, el PFEI encomendó una investigación contra la peticionaria, fijando un término de noventa (90) días dispuesto en ley. A su vez, informó que si el FEI necesitaba una extensión del término investigativo, debía solicitar la prórroga al menos diez (10) días laborables con antelación al vencimiento del término concedido.

No obstante, tras una solicitud de paralización de los términos investigativos remitida por el FEI, debido a una auditoría realizada por la OCPR la cual les tomaría alrededor de seis (6) meses, el PFEI la autorizó hasta tanto los auditores de la OCPR la finalizaran.

Posteriormente, mediaron cambios de fiscales, la reapertura del término investigativo, múltiples ampliaciones y prórrogas fundamentadas en la complejidad del caso, el manejo de fondos públicos, y por haber sido la investigada una funcionaria pública. Finalmente, luego de transcurrido más de mil días desde la encomienda

inicial, el 4 de noviembre de 2025, el FEI radicó la *Denuncia*. En desacuerdo, la señora Rivera presentó su moción de desestimación, sin embargo, el foro primario la denegó al concluir que el Artículo 12(4) de la Ley Núm. 2, *supra*, otorga discreción al PFEI para fijar términos especiales y prórrogas por justa causa.

Conforme establece nuestro ordenamiento jurídico, el Artículo 12(4) de la Ley Núm. 2, *supra*, el FEI debe completar su investigación en un término que no excederá de noventa (90) días, contados a partir de la fecha en que recibe la encomienda. A su vez, permite un término adicional de noventa (90) días, debido a su naturaleza y complejidad. Si bien es cierto, que dicho artículo faculta al PFEI a "fijar un término especial en aquellos casos en que sea justificado", esta discreción no le da permiso al PFEI a ignorar los plazos estrictos que dispone la ley para completar sus investigaciones. De lo contrario, los términos que establece la ley se volverían ineficientes.

Ciertamente, reconocemos que el término dispuesto en la Ley ha sido catalogado como de cumplimiento estricto y no jurisdiccional. Por ello, el PFEI posee cierta flexibilidad para fijar un término especial en aquellos casos en que sea justificado. No obstante, dicha flexibilidad no es infinita. En el presente caso, el Panel y el FEI excedieron drásticamente cualquier estándar de razonabilidad. Aun ante la presencia de una alegada justa causa por la complejidad del caso, una dilación que supera los mil días es contraria a la naturaleza del trámite ágil que dispone la Ley. No puede la "justa causa" convertirse en un mecanismo para

validar una demora tan extrema que lacera las garantías del debido proceso de ley.

Asimismo, es importante resaltar que, aunque la Ley permite al FEI requerir la colaboración de otras agencias (como la Oficina del Contralor) para que le provean cualquier recurso o ayuda que estimen necesaria para el efectivo cumplimiento de su encomienda; esta facultad no le da autoridad para paralizar o detener indefinidamente el término de la investigación. De la propia Ley Núm. 2, *supra*, surge que el PFEI se creó como un foro neutral e independiente para dilucidar rápidamente los actos atribuibles a funcionarios gubernamentales; y asegurar que las investigaciones sean objetivas, imparciales, independientes y de excelencia. Véase, Exposición de Motivos, Ley Núm. 2. Por tanto, cualquier colaboración con otras agencias debe gestionarse dentro del término que establece la ley.

Asimismo, añadimos que la discreción concedida al PFEI debe ejercerse dentro de los límites de la razonabilidad y el debido proceso de ley, pero siempre enmarcado dentro de los propios parámetros establecidos en le Ley Núm. 2, *supra*. La figura del "término especial" no puede ser interpretara como una facultad para suspender indefinidamente los procesos a la espera de otras agencias, ni para extender una investigación por casi tres (3) años. En *Pueblo v. Colón Bonet*, 200 DPR 27, 49 (2018), nuestro Tribunal Supremo expresó que la Ley Núm. 2 "delegó en el PFEI la responsabilidad de supervisar a los fiscales especiales para que estos desempeñen sus quehaceres con diligencia, premura y agilidad."

Como hemos resumido, en este caso se dieron múltiples prórrogas, ampliaciones, más una paralización de término, todo ello en exceso de mil días desde que se designó un Fiscal Especial para la investigación de la peticionaria. La duración de esta investigación excedió los términos establecidos en el Artículo 12(4) de la Ley Núm. 2, *supra*. Este artículo permite una sola prórroga de noventa (90) días, no varias prórrogas de sobre mil días. Ello hace que, independientemente del número de prórrogas o paralizaciones de términos, la duración de la investigación resulte irrazonable y contraria a los términos de la ley. Por más flexibilidad que le queramos dar a la Oficina del Fiscal Especial Independiente en el descargue de su importantísima labor investigativa, lo cierto es que los términos establecidos en la Ley Núm. 2, *supra*, no permiten otra lectura de esta ley.

Por consiguiente, concluimos que el foro primario incurrió en un abuso de discreción y error de derecho al no reconocer que el FEI actuó de manera *ultra vires,* al radicar una denuncia fuera del marco legalmente razonable que justifica su autoridad.

### IV.

Por los fundamentos antes expuestos, **EXPEDIMOS** el recurso de *certiorari* y **REVOCAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones